UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| MICHAEL DAVIS, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| vs. | ) | No. 2:14 CV 391 |
| SUPERINTENDENT, | ) |  |
| Respondent. | ) |  |

## OPINION AND ORDER

Michael Davis, a *pro se* prisoner, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a prison disciplinary proceeding. (DE # 1.) In MCF-14-07-0316, a hearing officer at the Miami Correctional Facility ("Miami"), found Davis guilty of a Class A113 offense, trafficking. (DE 1 at 8.) The hearing officer imposed sanctions including a loss of 120 days of earned credit time and a demotion in credit class. (*Id.*) The charge was initiated when Correctional Officer M. Burton prepared a conduct report stating as follows:

> At approx. 1010 on 7-25-14 I C/O M. Burton working in the phase 2 visitation room with office[r] Callaway was watching table #4 with offender Davis, Michael #149216 of H-307, and his mother (Patricia Davis) due to having different glasses on for the last several visits. At approx. 1010 during having their picture taken they both exchanged their glasses, and proceeded to sit back at their table. Captain Truax at this time was contacted about the situation, and had staff to give them approx. 10 minutes to exchange them back, but it never happened. Captain Truax came into the visitation room after the time had elapsed, and offender Davis was taken to the search area, and restrained. Offender Davis stated that he didn't want to say anything to get his mother into

1

trouble. He was at that time escorted to RHU. When I went back into the visit room MRS. Davis stated to me that she did not understand what the problem was that the glasses were just dime store glasses, and there wasn't anything wrong with giving them to him.

(DE # 1 at 4.)

Captain Truax completed an Incident Report form:

On July 25, 2014 at approximately 10:10 a.m. I, Captain D. Truax, was notified by Officer M. Burton (Visitation 2) that he and Officer E Callaway had just witnessed offender Michael Davis and his mother, Patricia Davis switch their glasses while on a visit. I told them to let them wear them for approximately 10 minutes to see if they switched the glasses back. They did not. At 10:20 a.m. I went into the visitation room and cancelled the visit. I took offender Davis to the private search area and directed him to place his hands behind his back to be mechanically restrained. He complied. I then asked where he got the glasses he was wearing. He stated, "Man, I'm not saying anything that will get my mom in trouble." He was escorted to RHU without incident. I requested the glasses Ms. Patricia Davis was wearing and she gave them to me. I escorted Ms. Davis out of the visitation room and requested her driver's license to make a copy of it. When she asked why the visit was cancelled, I asked where her glasses she was wearing came from. She stated, I may have sat them down and my son my have put them on by accident."

(DE # 10-2.)

On July 30, 2014, Davis was notified of the charge and his rights when he was served with the conduct report and the notice of disciplinary hearing. (DE # 1 at 4, 5.) Davis did not request to call any witnesses, but he requested the video as evidence. (*Id*. at 5.) The video was reviewed by the screening officer:

On the date of 7/25/14 [t]he Phase 2 visitation cameras 75/76 are being reviewed for offender Davis, Michael DOC # 149216[.] [T]he following is a summary of what is viewed. Offender Davis can be viewed without glasses getting a photo taken with his visitor and then when he is escorted out by Captain Truax he can be viewed with glasses on.

(*Id*. at 7.)

A hearing officer conducted the disciplinary hearing on August 6, 2014. (*Id*. at 8.) Davis gave a statement, "I would not do anything stupid to get my mom in trouble. I have problems with C/O Burton several times. I would not do anything like this on this shift. C/O Burton is always messing with me. I'm in a program and doing well." (*Id*.) Relying on staff reports, Davis' statement and the video, the hearing officer found Davis guilty of trafficking, a Class A113 offense. (*Id*.) Davis' appeals were denied and this petition followed. (*Id*. at 9-11.)

When prisoners lose earned time credits in a prison disciplinary hearing, they are entitled to certain protections under the Due Process Clause: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) an opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by a fact finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563 (1974). To satisfy due process, there must also be "some evidence" to support the hearing officer's decision. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

Here, Davis raises four claims in his petition: (1) "me and officer Burton have had problems in the past"; (2) "I requested the camera as evidence to support my innocence [sic]"; (3) "there is an incident report that says different than my write-up" ; and (4) "my mother never stated she didn't see a problem giving them to me." Essentially, Davis

3

argues that the evidence was insufficient to support the finding of guilt.

The standard for the disciplinary board to find an offender guilty is "some evidence." The "some evidence" test is not a demanding one. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985). "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." *Id.* "Instead, the relevant question is whether there is *any* evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455-56. A disciplinary determination will be overturned on the basis of insufficient evidence only if "no reasonable adjudicator could have found [the prisoner] guilty of the offense on the basis of the evidence presented." *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1994).

Davis was charged with violating A-113, which prohibits trafficking with anyone other than an offender in the same facility. Trafficking is defined as delivering or carrying into a penal facility an article or receiving with the intent to carry out of a penal facility an article. Ind. Code § 35-44.1-3-5. The hearing officer was not unreasonable in finding that Davis committed trafficking when he exchanged glasses with his mother and did not exchange them back. Although Davis denies that he was trafficking and argues about various discrepancies in the evidence, it is not the province of this court to reweigh the evidence or make its own determination regarding the relative credibility of the witnesses. *McPherson*, 188 F.3d at 786. The conduct report and investigative report are some evidence that Davis engaged in trafficking. *McPherson v.*

4

*McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (conduct report alone provided "some evidence" to support disciplinary determination). Accordingly, the "some evidence" standard has been met here. Because there is some evidence to support the hearing officer's determination, there is no basis for granting habeas relief.

Not only is there sufficient evidence to find Davis guilty of the charged offense, but there has been no showing that he was deprived any due process along the way. Based on the record, there is sufficient evidence to find Davis guilty of trafficking, a Class A offense 113, and Davis has not made a showing that his due process rights have been violated.

For the foregoing reasons, the petition (DE # 1) is **DENIED**.

**SO ORDERED**.

Date: April 15, 2016

s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT